UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAIR HEATING AND COOLING, LLC | ) | CASE NO. 23-31622 |
|     Debtor | ) | Chapter 7 |
| _____ | ) | |
| | | |
| WM. STEPHEN REISZ, TRUSTEE | ) | |
| for the Bankruptcy Estate of | ) | |
| Cair Heating and Cooling, LLC | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | A.P. No. _____ |
| | ) | |
| DAIKIN COMFORT TECHNOLOGIES | ) | |
|     DISTRIBUTION, INC. | ) | |
|     Attn: Any Officer | ) | |
|     19001 Kermier Road | ) | |
|     Waller, TX 77484 | ) | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
TRANSFERS UNDER 11 U.S.C. §§ 547 AND 550
AND TO DISALLOW CLAIM UNDER 11 U.S.C. § 502**

Wm. Stephen Reisz in his capacity as Chapter 7 Trustee for the bankruptcy estate of Cair Heating and Cooling, LLC ("Trustee" or "Plaintiff"), by counsel, brings this Complaint under the below referenced sections of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover preferential transfers made by Cair Heating and Cooling, LLC ("DEBTOR" or "CAIR") to or for the benefit of Daikin Comfort Technologies Distribution, Inc. ("DAIKIN"), to disallow the claim of DAIKIN.

1

## INTRODUCTION

1. This is an adversary proceeding filed to 1) avoid and recover preferential transfers made by DEBTOR to or for the benefit of DAIKIN under Bankruptcy Code sections 547 and 550 and Bankruptcy Rule 7001(1); and 2) disallow the claim of DAIKIN.

## THE PARTIES

2. The Plaintiff is the duly appointed, qualified and acting trustee of the bankruptcy estate of Cair Heating and Cooling, LLC (the bankruptcy estate of Cair Heating and Cooling, LLC is sometimes referred to herein as the "Estate").

3. The Defendant, DAIKIN, is a Texas corporation with its principal place of business at 19001 Kermier Road, Waller, Texas, engaged in the nationwide distribution of residential and commercial heating, ventilation, and air-conditioning equipment and related products as part of the Daikin group of companies.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157 and 1334, and Rule 83.12(a)(3) of the Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky.

5. This is a core proceeding under 28 U.S.C. 157(b)(2)(A), (E) and (F).

6. Venue in this Court is proper under 28 U.S.C. 1409(a), as this proceeding arises in and relates to the DEBTOR's Chapter 7 case pending in this District.

## RELEVANT FACTS

7. On or about July 14, 2023, DEBTOR filed a petition under Chapter

11 of the Bankruptcy Code. The case was converted to a Chapter 7 case on December 26, 2023, at which time Wm. Stephen Reisz was appointed trustee of the Estate.

8. During the ninety (90) days before and including the Petition Date, that is between April 15, 2023, and July 14, 2023 (the "Preference Period"), there were transfers from DEBTOR to DAIKIN of at least $1,542,103.16 ("Transfers"); and these Transfers are avoidable as preferential transfers under the Bankruptcy Code.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

9. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

10. The Transfers are transfers of interests in property of DEBTOR.

11. The Transfers were to or for the benefit of DAIKIN, a creditor of DEBTOR.

12. The Transfers were made within 90 days of the filing of DEBTOR's petition.

13. The Transfers were for or on account of an antecedent debt owed by DEBTOR before such Transfers were made.

14. The Transfers were made when DEBTOR was insolvent. DEBTOR is presumed insolvent during the Preference Period under 11 U.S.C. § 547(f).

15. The Transfers enabled DAIKIN to receive more than it would receive if:

   a. The case were a case under Chapter 7 of the Bankruptcy Code;
   b. The Transfers had not been made; and
   c. Such creditor received payment of such debt to the extent provided

by the provisions of the Bankruptcy Code.

16. Plaintiff may avoid the transfers of interests of the DEBTOR's property described above under Bankruptcy Code Section 547(b) and, under Bankruptcy Code Section 550, recover the value of the property transferred.

## COUNT II

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

17. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations in this Count.

18. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

19. Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

20. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the avoided Transfers, plus interest to the date of payment and the costs of this action.

## COUNT III

### (Disallowance of a Claim – 11 U.S.C. § 502(d)

21. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

22. Defendant is a transferee of transfers avoidable under 11 U.S.C. § 547 and which property is recoverable under § 550(a).

23. Defendant has not paid the amount of the avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

24. Pursuant to § 502(d), Defendant's claim must be disallowed because it has not returned the avoidable Transfers.

## COUNT IV

### (Disallowance of Claim - 11 U.S.C. § 502(a) and (b))

25. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

26. Because the Proof of Claim does not include documentation sufficient to establish the debt under Bankruptcy Rule 3001(c), the claim is not entitled to prima facie validity. The claim is unenforceable under applicable law and must be disallowed under § 502(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

1. On Counts I and II, judgment for Plaintiff and against Defendant, avoiding the Transfers and directing Defendant to return to Plaintiff the amount of the Transfers under 11 U.S.C. §§ 547 and 550, plus interest from demand at the maximum legal rate, together with the costs and expenses of this action.

2. On Counts III and IV, judgment for Plaintiff against Defendant that disallows Defendant's Proof of Claim.

Respectfully submitted,
　/s/ Wm. Stephen Reisz
Wm. Stephen Reisz
Tilford Dobbins & Schmidt, PLLC
401 W. Main St., Ste 1400
Louisville, KY 40202
(502) 584-1000
Counsel for Plaintiff